08-22504

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
_____x
In Re:                                            Chapter 13
Spiro Milliaresis and Ann Milliaressis            Case No. 08-2
_____x

**DEBTORS PLAN UNDER CHAPTER 13**

1. Debtor(s) hereby submit(s) all present and future earnings to the supervision and control of the Trustee and agree(s) to pay the Trustee the sum of $50.00 per month for a period of 4 months and then $385.00 per month for 56 months. Debtors tax refunds to be turned over the Chapter 13 Trustee in the approximate amount of $3100.00 annually.

2. The trustee shall make disbursements as follows:
  a. Full payment in deferred cash payments of all filed claims entitled to priority under 11 USC 507.
  b. Holders of allowed secured claims shall retain the liens securing such claims and shall be paid as follows:
  (i) Arrears to be paid by the Trustee inside the Chapter 13 plan (ii) Current secured payments made outside the plan,
  c. Pro-rata with dividends to secured creditors, dividends to unsecured creditors whose claims are allowed.
  d. Providing for a claim is not a judicial admission as to the validity of the claim.
3. a. Debtor(s) hereby assume(s) the following executory contracts:
   b. The following executory contracts of the debtor(s) are hereby rejected: rejecting any contract provision that remains executory and deeming confirmation/completion that all arrearages have been paid in full and payments are current and any pre-petition arbitration agreement(s).
4. Except as provided in this plan or the order confirming this plan, property of the estate shall re-vest in the debtor(s) free and clear of any claim or interest of any creditor on confirmation of this plan subject to any valid secured claim.
5. Any future mortgage increases or decreases due to escrow and interest rate changes shall be noticed to Debtor through their counsel subject to the rights of the Debtors and/or the Trustee to object. Confirmation of the plan shall impose an affirmative duty on the holders and/or servicers of any claims secured by liens, mortgages and/or deeds of trust on the principal residence of the Debtors to do all of the following:
(a) To apply the payments received from the Trustee on the pre-petition arrearage, if any, only to such arrearage. For purposes of this plan, the "pre-petition arrearage" shall include all sums included in the "allowed" proof of claim and shall have a "0" balance upon entry of the Discharge Order in this case.
(b) To deem pre-petition arrearage contractually current upon confirmation of the plan, precluding the imposition of late payment charges or other default-related fees and services based solely on the pre-petition default or defaults.
(c) To apply the post-petition monthly mortgage payments paid by the Debtors to the month in which each payment is designated made under the plan or directly by the Debtors, whether or not such payments are immediately applied by the creditor to the outstanding loan balance or are placed into some type of suspense, forbearance, or similar account.
(d) To notify the Trustee, the Debtors, and the attorney for the Debtors, in writing, of any changes:
        (i) in the interest rate for any non-fixed rate or adjustable rate mortgages and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.
        (ii) in the property taxes and/or the property insurance premiums that would either increase or reduce the escrow portion, if any, of the monthly mortgage payments and the effective date of any such adjustment or adjustments not less than 60 days in advance of such change or at such time as the change becomes known to the holder if the change is to be implemented in less than 60 days.
(e) To file with the court and serve upon the Trustee, the Debtors, and the attorney for the Debtors, by February 15 of each year governed by this plan, an Annual Statement detailing the following amounts paid by the Debtors during the preceding calendar year: (i) all payments applied to the principal balance; (ii) all payments applied to interest; (iii) all payments applied to any escrow account; (iv) all payments applied to any pre-petition arrearage claim and the remaining balance; and (v) all fees and charges alleged to have accrued post-petition, along with an explanation thereof. Failure to file and serve the Annual Statement as set forth herein results in the mortgage being deemed fully current as of the calendar year for which the Annual Statement is due. The final Annual Statement shall be filed and served within 45 days after the Trustee files the Preliminary Trustee's Final Report and Certificate of Final Payment, a copy of which shall be served by the Trustee on the holder or servicer of any claim required to file an Annual Statement. The failure to file the final Annual Statement as set forth herein following completion of the Debtors' plan and entry of discharge results in the mortgage being deemed fully current as of the date of discharge.

08-22504

(f) Modifications. The holders of claims secured by a mortgage on real property of the Debtors, proposed to be cured in herein shall adhere to and be governed by the following:

(g) Pre-petition defaults. If the Debtors pay the cure amount specified herein, or in such lesser or greater amount as may be established by the creditor's allowed proof of claim, while timely making all required post-petition payments, the mortgage will, at the conclusion of the plan, be reinstated according to its original terms, extinguishing any right of the holder to recover any amount alleged to have arisen prior to the filing of the petition.

(ii) Post-petition defaults. As set forth in herein above, the holders and/or servicers of any claims secured by liens, mortgages, on the principal residence of the Debtors have an affirmative duty to file with the court and serve upon the Trustee, the Debtors, and the attorney for the Debtors an Annual Statement disclosing the status of the Debtors' mortgage loan account. Within 30 days of receipt of the Annual Statement, the Debtors may either (i) challenge the accuracy thereof by filing a motion with the court, to be served upon the holder and the Trustee, or (ii) propose a modified plan to provide for payment of additional amounts that the Debtors acknowledge or the court determines are due. To the extent amounts set forth on a timely filed Annual Statement are not determined by the court to be invalid or are not paid by the Debtors through a modified plan, the rights of the holder to collect these amounts will be unaffected.

(iii) Costs of collection. Costs of collection incurred by the holder after the filing of this bankruptcy case, including attorneys' fees, shall be claimed pursuant to herein above. No late fees shall be incurred or demanded due to administrative delays by the Trustee's office.

Debtor intends to declare second mortgage as unsecured.

Plan Date: April 15, 2008

_____/s/_____
Spiro Milliaresis and Ann Milliaressis