UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:
    SPIRO MILLIARESSIS
    ANN MILLIARESSIS

                Debtors

**OBJECTION TO CONFIRMATION**
Chapter 13
Case No. 08-22504-ASH

       Nicole C. Gazzo, Esq., an attorney duly licensed to practice law in the State of New York and admitted in the Southern District of New York, affirms the following to be true, under penalty of perjury:

       1.    I am an associate of the firm of Steven J. Baum, P.C., attorneys for the Secured Creditor, America's Servicing Company.

       2.    This Affirmation is submitted for the purpose of objecting to confirmation of the Debtors' proposed Chapter 13 Plan.

       3.    America's Servicing Company (the "Secured Creditor") is a creditor secured by real property commonly known as 60 Grant Street, Sloatsburg, NY 10974, which property is owned by the Debtors.

       4.    The Proof of Claim filed on behalf of America's Servicing Company asserts pre-petition arrears in the amount of $62,261.96.  A copy of said Proof of Claim is attached hereto as Exhibit 'A'.

       5.    The Debtors' proposed Plan fails to list the Secured Creditor and therefore fails to provide for full payment of the pre-petition mortgage arrears and post-petition mortgage payments due to America's Servicing Company.

6.  The Plan must propose to pay pre-petition arrears and post-petition mortgage payments in order for America's Servicing Company to retain its lien.

7.  The Debtors' proposed Plan provides for total plan payments in the amount of $21,760.00, which falls short of full payment of Debtors' pre-petition arrears to America's Servicing Company. Accordingly, Debtors' proposed plan is not feasible.

8.  The Debtors are attempting to have the pre-petition arrears deemed contractually current by confirmation of their plan. Pre-petition arrears cannot be deemed current until all payments have been received to cure them, which is generally at the time the plan is completed and the case is discharged. Forcing the Secured Creditor to deem the arrears current at confirmation would result in the discharge of any arrears which remained unpaid due to the subsequent dismissal of the case. Accordingly, the Secured Creditor also objects to this language in the proposed plan.

9.  The Debtors' proposed plan attempts to govern the application of post-petition payments received by the bank from the Debtors by stating that they must be applied to the month in which they were made. However, the post-petition mortgage payments must be applied chronologically to the next post-petition payment then due which, if the Debtors' post-petition payments are delinquent, may not be the same as the month in which they were made.  The Secured Creditor objects to this language in the proposed Plan.

10. The Debtors' proposed Plan seeks to require the Secured Creditor to prepare and file an Annual Statement detailing amounts paid by the Debtors during the preceding calendar year.  If the Secured Creditor fails to provide the Annual Statement the proposed Plan seeks to discharge any previously missed payment and deem the

mortgage fully current as of the calendar year for which the Annual Statement is due. The Plan may not modify the rights of the Secured Creditor in this manner as it would discharge debt owed to the Secured Creditor and modify the terms of the note and mortgage, without any legal basis to do so.  As such, the Secured Creditor objects to this language in the Plan.

11. It is respectfully requested that America's Servicing Company be awarded attorneys' fees in the amount of $350.00 per the terms of the underlying Note and Mortgage for the making of this Objection.

12. By virtue of the foregoing, confirmation of the Debtors' proposed Chapter 13 Plan must be denied pursuant to 11 U.S.C. §1325.

Dated:  Amherst, New York
June 3, 2008

/s/ Nicole C. Gazzo
_____
Nicole C. Gazzo, Esq.
Steven J. Baum, P.C.
Attorneys for
America's Servicing Company
P.O. Box 1291
Amherst, New York 14240-1291
(716) 204-2400