**UNITED STATES BANKRUPTCY COURT**
SOUTHERN DISTRICT OF NEW YORK

_____x
In Re:                                                                                            Chapter 13

SPIRO MILLIARESSIS & ANN MILLIARESSIS            Index No. 08-22504
_____x

**MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION OBJECTING TO CLAIM OF AMERICA'S SERVICING COMPANY, AS SERVICER FOR AMERIPATH MORTGAGE CORP**

COMES NOW, Spiro Milliaressis & Ann Milliaressis, the Debtor in the above captioned Bankruptcy case, and files this Memorandum of Law in support of this Motion, and as cause therefore would respectfully show this court as follows:

### I.  OPERATIVE FACTS

The Debtor incorporates by reference verbatim the statements of fact alleged in the affirmation in support of this Motion filed herewith.

### II.  ARGUMENTS AND POINTS AND AUTHORITIES

**POINT I:  Estoppel Prevents Excessive Fees**

The New York Supreme Court for the County of Rockland entered a Judgment of Foreclosure recorded February 28, 2008, which specified three categories of charges; attorney fees, attorney costs and a referee fee when a sale is conducted.

**Equitable Estoppel**

The equitable estoppel doctrine embodies the principle that one who, by his words or action, represents certain facts to be true and thereby induces another to act to his detriment should thereafter be precluded from denying existence of such facts. In re Roundabout Theatre Co., Inc., 131 B.R. 14 (Bankr. S.D.N.Y., 1991) citing  In re Ellison Associates, 63 B.R. 756, 764 (S.D.N.Y.1983).Baum's bill is vastly different than the fees from the claim itself.

Judicial Estoppel

Judicial estoppel is intended to protect the integrity of the judicial process by preventing the intentional assertion of inconsistent positions in different proceedings by one party. See Edwards v. Aetna Life Ins. Co., 690 F.2d 595, 598-99 (6th Cir.1982). The party asserting the affirmative defense of judicial estoppel must show:

(1) an unequivocal assertion of law or fact by a party in one judicial proceeding, (2) the assertion by that party of an intentionally inconsistent position of law or fact in a subsequent judicial proceeding, (3) in order to mislead the court and obtain unfair advantage as against another party.    United States v. Starrett City Associates, 605 F.Supp. 262, 264 (E.D.N.Y.1985).

The Judgment of Foreclosure in the State Supreme Court was submitted by the Baum law firm. That Judgment was not appealed. Their subsequent bills are inconsistent with the Judgment of Foreclosure and these bills, so that the filed claim seems to be "in order to mislead the court and obtain an unfair advantage against the other party."  See Starrett City ibid.

**Rooker-Feldman Doctrine**

The Rooker-Feldman doctrine was first announced Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923), and was re-affirmed District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983). The principle holds that, among federal courts, only the Supreme Court has subject matter jurisdiction to review state court judgments. See Moccio, 95 F.3d at 197 (federal review of state court judgments "can occur only by way of a certiorari petition to the Supreme Court"); see also 18 James Wm. Moore et al., Moore's Federal

Practice §133.30[3][a] (3d ed. 1999) (doctrine is premised on prudential grounds of preserving system consistency as well as on the statutory grounds that 28 U.S.C. § 1257 gives the United States Supreme Court exclusive federal jurisdiction to review state court judgments while 28 U.S.C. §§ 1331 and 1334 give federal district courts original but not appellate jurisdiction). The Rooker-Feldman doctrine also bars federal courts from considering claims that are "inextricably intertwined" with a prior state court determination. See Feldman, 460 U.S. at 482 n.16; Moccio, 95 F.3d at 199-200

The Judgment of Foreclosure determined the amount of costs, the amount of attorney fees and only allowed a referee's fee "for conducting a sale". There was no sale and no fee should be allowed.

There is no question, therefore, that the costs claimed in the proof of claim are excessive and the claim must be reduced consistent with the Judgment of Foreclosure.

WHEREFORE Plaintiff respectfully request that the motion to be granted.

Dated: June 4, 2008
Spring Valley, New York                  _____/s/_____
                                         Shmuel Klein (SK 7212) Fed Court Only
                                         Law Office of Shmuel Klein, PC
                                         Attorney for Plaintiff
                                         268 ROUTE 59
                                         Spring Valley, NY 10977
                                         (845) 425-2510