UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

IN RE:

SPIRO MILLIARESSIS
ANN MILLIARESSIS

       **Debtors**       AFFIRMATION
                    IN OPPOSITION

                    Bk. No.: 08-22504
                    Chapter 13

---

Nicole C. Gazzo, Esq., an attorney duly licensed to practice law in the State of New York and admitted in the Southern District of New York, affirms the following to be true, under penalty of perjury:

1. That I am an attorney at law duly licensed to practice before this Court and I am an associate with the office of Steven J. Baum, P.C., attorneys for secured creditor America's Servicing Company as servicer for Ameripath Mortgage Corporation a secured creditor of Spiro Milliaressis and Ann Milliaressis (the "Debtors") and holder of a mortgage on the property located at 60 Grant Street, Sloatsburg, NY 10974 (the "Mortgaged Premises"), and as such am fully familiar with the facts and circumstances of the present case. This Affirmation in Opposition is submitted in response to Debtors' Motion Objecting to the Claim of the Secured Creditor.

2. The Secured Creditor filed a proof of claim dated May 20, 2008 for funds owing to Secured Creditor in the amount of $62,261.96, which amount includes $2,680.72 in foreclosure costs, $225.00 in property inspection fees and $285.00 in Broker's Price Opinions fees. A copy of the proof of claim is attached hereto as Exhibit "A".

3. The Debtors have filed an objection to the foreclosure costs, stating that the amount included in the claim is over and above the amount specifically enumerated in the Judgment of Foreclosure and Sale and that the property inspection fees and Broker's Price Opinion fees included in the Secured Creditor's proof of claim should not exceed $25.00 each.

**Foreclosure Costs**

4. The Debtors allege that the Secured Creditor's Claim includes foreclosure costs in excess of the amount awarded to Secured Creditor in the Judgment of Foreclosure and Sale (hereinafter the "Judgment") and is in violation of the *Rooker-Feldman* doctrine. This allegation is without merit.

5. The Judgment was granted in this case on February 25, 2008, in part awarding Plaintiff $1,800.00 for costs and disbursements in this action. However, the Debtors fail to recognize that the Judgment also includes a provision awarding the referee's statutory fees in the amount of $500.00 as well as sale and advertising expenses separate from, and in addition to, the fees and costs awarded. It would be an inequitable result if the Debtors were able to avoid these costs by filing bankruptcy when the costs were not only provided for in the Judgment but were incurred as a result of the Debtors' original default leading to acceleration of the note and mortgage. A copy of the Judgment is attached hereto as Exhibit "B".

6. The following costs were incurred post-Judgment which, when totaled together and added to the Judgment award of $1,800.00, actually compute to an amount greater than the $2,680.72 requested in Secured Creditor's proof of claim.

| | |
|---|---|
| Referee's Fee to Sell | $500.00 |
| Sale Publication / Posting Costs | $600.72 |
| Search Update | $55.00 |

TOTAL                                    $1,155.72

Secured Creditor respectfully submits that it is requesting less than the amount it is entitled to in the matter of foreclosure costs.

7. There was a foreclosure sale scheduled for April 18, 2008. Upon information and belief, the sale was cancelled due to a bankruptcy filing within a short period of time prior to the scheduled foreclosure sale and, accordingly, the referee received compensation for the sale as if it had taken place. As post-judgment costs are provided for in the terms of the Judgment, it is respectfully submitted that these are properly included in the Proof of Claim. The invoice for these post-judgment costs is attached hereto as Exhibit "C". Additionally, Secured Creditor respectfully submits that the invoice attached hereto as Exhibit "C", while dated post-petition, reflects only pre-petition costs. When attorneys for Secured Creditor receive a notice of filing of bankruptcy, said attorneys, upon notice of such, prepare an invoice for all costs incurred relative to the Debtors loan up to the date of filing.

**Property Inspection & Broker's Price Opinion Fees**

8. The Debtors object to the inclusion of property inspection fees in the amount of $225.00 and Broker's Price Opinion Fees in the amount of $285.00 in the Proof of Claim as excessive and allege that $25.00 each is a reasonable amount. This allegation is nothing more than a bald allegation without any merit and is insufficient to defeat the Secured Creditor's Proof of Claim. Debtors give neither the Secured Creditor nor the Court a basis as to why $25.00 is a more reasonable charge than the actual charges incurred by the Secured Creditor for property inspections.

A. **Property Inspections**

9. The Judgment, *supra* paragraph 5 provides that Plaintiff may "add to the amount due any and all advances made by the Plaintiff for inspection fees, maintenance charges, taxes, insurance premiums or other advances necessary to preserve the property, whether or not said advances were made prior to or after entry of this Judgment." Furthermore, paragraph 9 of the Mortgage, dated March 7, 2006 and recorded in Rockland County on March 20, 2006 also states that "Lender's actions may include, but are not limited to…protecting and /or assessing the value of the Property." That paragraph further provides that the borrower, the Debtors, have agreed to pay the Lender the amount expended under that paragraph of the Mortgage. As such, the Secured Creditor is permitted by the terms of the Mortgage contract to incur fees for the inspection and assessment of the value of the Mortgaged Premises and also has a right to charge such fees to the Debtors/mortgagors. A copy of the recorded mortgage is attached hereto as Exhibit "D".

10. Please find attached hereto as Exhibit "E" ten (10) property inspection invoices conducted at a cost of $15.00 per inspection, which dates of inspection are:

    November 25, 2006

    December 26, 2006

    August 26, 2007

    September 25, 2007

    October 22, 2007

    December 2, 2007

    January 14, 2008

    February 15, 2008

March 13, 2008

April 12, 2008

The inspections represented by these invoices amount to a total of $150.00. Secured Creditor respectfully requests that the Proof of Claim be amended to include inspection fees in the total amount of $150.00, rather than $225.00.

### B. Broker's Price Opinions

11. Attached as Exhibit "F" are copies of three (3) Broker's Price Opinions ("BPO"), and their respective invoices, completed on the property located at 60 Grant Street, Sloatsburg, NY 10974. The first BPO was conducted on March 28, 2007 and was billed at $95.00. The second BPO was conducted on September 11, 2007 and was billed at $95.00. The third BPO was conducted on March 28, 2008 and was also billed at $95.00. The three BPOs together total $285.00.

12. Based upon the foregoing, it is respectfully requested the Secured Creditor's claim for BPO fees and foreclosure costs be permitted to stand in their entirety. Secured Creditor respectfully requests that the Proof of Claim be amended to include property inspection fees in the total amount of $150.00, rather than $225.00, and that Debtor's request for attorneys' fees be denied in its entirety.

**WHEREFORE**, it is respectfully requested that the Debtor's motion be denied in its entirety, that the Proof of Claim be amended to include property inspection fees in the total amount of $150.00, that foreclosure costs and BPO fees be permitted in the Proof of Claim as filed, together with such other and further relief as this Court deems just, equitable and proper.

Dated: July 3, 2008

Nicole C. Gazzo, Esq.