Paul Piperato, County Clerk
1 South Main St Ste 100
New City, NY 10956
(845) 638-5221

# Rockland County Clerk Recording Cover Sheet

Received From :                                                  Return To :

**First GRANTOR**

AMERIPATH MORTGAGE CORP
    JUDGMENT OF FORECLOSURE,

**First GRANTEE**

MILLIARESSIS, SPIRO
    JUDGMENT OF FORECLOSURE,

Index Type : Land Records

Instr Number : 2008-00009104          Orig Instr #: SU-2007-08370
Book :          Page :

Type of Instrument : Judgment Of Foreclosure
Type of Transaction :

Recording Fee :              $0.00

---

Recording Pages :            8

**Recorded Information**

State of New York

County of Rockland

I hereby certify that the within and foregoing was recorded in the Clerk's office for Rockland County, New York

On (Recorded Date) : 02/28/2008

At (Recorded Time) : 12:00:00 AM

Doc ID - 018025640008

Paul Piperato, County Clerk

This sheet constitutes the Clerks endorsement required by Section 319 of Real Property Law of the State of New York

Entered By. SL   Printed On  02/29/2008    At . 12.19.05PM

File#:200800009104

At a(n) Ex Parte, Term of the SUPREME Court held in the County of ROCKLAND, at the Courthouse thereof, Hamlet of New City, New York, on the 25th day of February, 2008.

PRESENT: HON. ROBERT M. BERLINER
J.S.C.

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ROCKLAND
------------------------------------------------------------X
AMERIPATH MORTGAGE CORPORATION

    Plaintiff,

vs.

SPIRO MILLIARESSIS, ANN MILLIARESSIS,
CITIFINANCIAL COMPANY (DE),

    Defendant(s).
------------------------------------------------------------X

**JUDGMENT OF FORECLOSURE AND SALE**

INDEX NO.: 8370/07

Mortgaged Premises:
60 GRANT STREET
SLOATSBURG, NY 10974

SBL #:
30-61-1-12

FEB 21 2008
Motion-Cross SOS-S/Disc
Fee Pd $

FEB 22 2008

FILED
FEB 28 2008
ROCKLAND COUNTY
CLERK'S OFFICE

    On the Summons, Complaint and Notice of Pendency of Action duly filed in this action on the 17th day of September, 2007, and all proceedings thereon, and on reading and filing the Affirmation of Regularity of Steven J. Baum, P.C., by Erin M. Sobkowski, Esq., dated the 3rd day of December, 2007, and the Affirmation for Execution for Judgment of Foreclosure and Sale, dated the 13th day of February, 2008, showing that each of the Defendants herein have been duly served with the Summons and Complaint in this action, or have voluntarily appeared by their respective attorneys, and stating that more than the legally required number of days had elapsed since said Defendants were so served and/or appeared; and that none of the Defendants had served any answer to said Complaint, nor had their time to do so been extended or, if they had served an answer, it was dismissed by summary judgment or stipulation of the parties, and upon the attached affidavit of mailing reflecting compliance with CPLR § 3215(g)(3)(iii); and that the Complaint herein and due Notice of Pendency of this action containing all the particulars required to be stated therein was duly filed in the Office of the Clerk of the County of ROCKLAND on the 17th day of September, 2007, and an Order of Reference having been duly executed wherein a Referee was appointed to compute the amount due to the Plaintiff upon the bond/note and mortgage set forth in the Complaint and said Referee having examined and reported whether the mortgaged premises can be sold in parcels,

    AND, on reading and filing the report of LURLYN ALLISON WINCHESTER, ESQ., the Referee named

1

*in said Order of Reference,* by which Report, bearing date the 5th day of February, 2008, it appears that the sum of $346,489.16 was due thereon at the date of said Report and that the mortgaged premises cannot be sold in parcels.

NOW, upon proof of due notice of this application upon all parties who had not waived the same,

ON MOTION of Steven J. Baum, P.C., attorney for the Plaintiff, it is

ORDERED, ADJUDGED AND DECREED, that the said Report of the said Referee be, and the same is hereby in all respects ratified and confirmed; and it is further

ORDERED, ADJUDGED AND DECREED, that the mortgaged premises, and if not sold sooner, any and all personal property in which the Plaintiff has a security interest, as described in the Complaint in this action or such part of the real property thereof as may be sufficient to discharge the mortgage debt, the expense of the sale and the costs of this action as provided by the Real Property Actions and Proceedings Law be sold at public auction at the <u>Lobby of the Rockland County Courthouse, 1 South Main Street Hamlet Of New City in the County of ROCKLAND, State of New York</u>, by and under the direction of <u>LURLYN ALLISON WINCHESTER, ESQ.</u>, who is hereby appointed Referee for that purpose; that the said Referee give public notice of the time and place of such sale according to law and the practice of this Court, in an official publication, to wit: <u>The Rockland Journal News</u>; and it is further

ORDERED, ADJUDGED AND DECREED, that the premises be sold in "as is" condition defined as the condition the premises are in as of the date of sale and continuing through the date of closing, and that said sale shall be subject to:

(a) Rights of the public and others in and to any part of the mortgaged premises that lies within the bounds of any street, alley, or highway; restrictions and easements of record;

(b) Any state of facts that an accurate, currently dated survey might disclose;

(c) Rights of tenants, occupants or squatters, if any. It shall be the responsibility of the Purchaser to evict or remove any parties in possession of premises being foreclosed. There shall be no pro-rata adjustment in favor of the purchaser for any rents that are paid for a period after the date of the foreclosure sale.

(d) The right of redemption of the United States of America, if any;

2

File#:200800009104

ORDERED, ADJUDGED AND DECREED, that the Plaintiff or any other parties to this action may become the purchaser or purchasers at such sale; that in case the Plaintiff shall become the purchaser at the said sale, it shall not be required to make any deposit thereon; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee conducting the sale shall pay out of the proceeds of sale all taxes, assessments and water rates which are liens upon the property at time of sale. Purchaser shall be responsible for interest due on any real property tax liens accruing after the first day of the month following the foreclosure sale; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee then take the remaining proceeds of sale and deposit them in her own name as Referee in her IOLA account or other separate account, and in addition to executing a deed to the purchaser(s) of the premises sold, shall thereafter make the following payments and her checks drawn for that purpose:

FIRST: The statutory fees of said Referee for conducting the sale not to exceed $500.00.

SECOND: The expenses of the sale including posting and advertising.

THIRD: Said Referee shall also pay to the Plaintiff or its attorney the following:

**Costs and Disbursements.** $1,800.00 adjudged to the Plaintiff for costs and disbursements in this action to be taxed by the clerk and inserted herein, with interest at the legal rate thereon from the date of entry hereof.

**Additional Allowances.** $0.00, is hereby awarded to the Plaintiff in addition to costs with interest at the legal rate thereon from the date hereof;

**Amount Due per Referee's Report.** $346,489.16, said amount so reported due as aforesaid together with the interest at the contract rate thereon from the date computed to in said Report until the date of entry of this judgment, with interest at the statutory rate thereon until the date of transfer of the Referee's deed, or so much of the purchase money as will the same, and that she take a receipt for said payment and file it with her report of sale.

**Attorney Fees.** $1,250.00 is hereby awarded to the Plaintiff as reasonable legal fees herein, with legal interest from the date of entry of the judgment.

Plaintiff, may, after entry of this judgment, add to the amount due any and all advances made by the Plaintiff for inspection fees, maintenance charges, taxes, insurance premiums or other advances necessary to

3

File#:200800009104

preserve the property, whether or not said advances were made prior to or after entry of judgment, so long as said charges were not included in the Referee's Report, and the Referee be provided with receipts for said expenditures, all together with interest thereon pursuant to the note and mortgage.

FOURTH: That in case the Plaintiff be the purchaser of said mortgaged premises at said sale, said Referee shall not require the Plaintiff to pay in cash the entire amount bid at said sale, but shall execute and deliver to the Plaintiff a Deed of the premises sold upon the payment to said Referee of the amounts specified above in items marked "First" and "Second"; That the balance of the amount bid, after deducting the amounts paid by the Plaintiff, for Referee's fees, and advertising expenses, shall be allowed to the Plaintiff and applied by said Referee upon the amounts due to the Plaintiff as specified above in item marked "Third"; That the Defendant CITIFINANCIAL COMPANY, a subordinate Mortgagee shall be entitled to the extent of their second lien any surplus monies arising for said sale pursuant to Real Property Actions and Proceedings Law 1354(3); that if after applying the balance of the amount bid, there shall be a surplus over and above said amounts due to the Plaintiff, the Plaintiff shall pay the same to said Referee, who shall deposit the funds in accordance with paragraph "FIFTH" below.

FIFTH: That said Referee deposit the surplus money, if any, with the ROCKLAND County Commissioner of Finance within five days after the same shall be received and be ascertainable to the credit of this action, to be withdrawn only on the written order of the Court, that the said Referee make her Report of such sale under oath showing the disposition of the proceeds of the sale and file it with the Clerk of the County of ROCKLAND within thirty days after completing the sale and executing the proper conveyance to the purchaser and that if the proceeds of such sale be insufficient to pay the amount reported due the Plaintiff with interest and costs as aforesaid, the Plaintiff may recover of the Defendant(s) SPIRO MILLIARESSIS, ANN MILLIARESSIS . the whole deficiency or so much thereof as the Court may determine to be just and equitable of the mortgage debt remaining unsatisfied after the sale of the mortgaged premises and the application of the proceeds thereof, provided a motion for a deficiency judgment shall be made as prescribed by Section 1371 of the Real Property Actions and Proceeding Law within the time limited therein, and the amount thereof is determined and awarded by an order of this Court as provided for in said action; and it is further

ORDERED, ADJUDGED AND DECREED, that the purchaser or purchasers at such sale be let into

4

possession on producing the Referee's Deed; and it is further

ORDERED, ADJUDGED AND DECREED, that each and all of the Defendants in this action and all persons claiming under them, or any or either of them, after the filing of such Notice of Pendency of this action, be and they hereby are, barred and foreclosed of all right, claim, lien, title, interest and equity of redemption in the said mortgaged premises and each and every part thereof; and it is further

ORDERED, ADJUDGED AND DECREED, that the liens of the Plaintiff other than the mortgage or mortgages that are the subject matter of this action also be foreclosed herein as though the Plaintiff was named as a party Defendant, specifically reserving to the Plaintiff its right to share in any surplus monies as a result of such position as a lien creditor; and it is further

ORDERED, ADJUDGED AND DECREED, that the Referee appointed herein is subject to the requirements of Rule 36.2 (c) of the Chief Judge, and if the Referee is disqualified from receiving appointment pursuant to provisions of that Rule, the Referee shall notify the Appointing Judge forthwith.

That a description of the said mortgaged premises hereinbefore mentioned, is annexed hereto as Schedule A - Legal Description.

DATED: Feb 25, 2008
SLOATSBURG, NEW YORK
New City

ENTER,

/s/ Robert M. Berliner
HON. ROBERT M. BERLINER
ACTING JUSTICE OF THE SUPREME COURT

Loan No. 1127109382-106

PAUL PIPERATO
ROCKLAND COUNTY CLERK
/s/ Paul Piperato

FEB 28 2008

5

## DESCRIPTION

ALL that certain plot, piece or parcel of land, situate, lying and being in the Village of Sloatsburg, Town of Ramapo, County of Rockland and State of New York, being shown and designated as Lot No. 1 on a certain subdivision map entitled, "Minor subdivision prepared for Andrews Enterprises," and filed in the Rockland County Clerk's Office on November 14th, 1986, in Book 106 of Maps at Page 54, as Map No. 5972.

STATE OF NEW YORK
SUPREME COURT: COUNTY OF ROCKLAND
----------------------------------------------------------X
AMERIPATH MORTGAGE CORPORATION

        Plaintiff,

vs.

SPIRO MILLIARESSIS, ANN MILLIARESSIS,
CITIFINANCIAL COMPANY (DE),

        Defendant(s).
----------------------------------------------------------X

**COSTS OF PLAINTIFF**

INDEX NO.: 8370/07

Mortgaged Premises:
60 GRANT STREET
SLOATSBURG, NY 10974

SBL #:
30.61-1-12

## COSTS

| | |
|---|---:|
| Costs before Note of Issue - CPLR §8201(1) ........... | $200.00 |
| ~~Allowance by statue - CPLR §8302(a) (b)~~ ........... | |
|     First $200.00 at 10% ............... $20.00 | |
|     Next $800.00 at 5% ............... $40.00 | |
|     Next $2000.00 at 2% ............... $40.00 | |
|     Next $5000.00 at 1% ............... $50.00 | |
| | $150.00 |
| Additional allowance - CPLR §8302(d) ............... | $50.00 |
| Costs on motion - CPLR §8303(a) (1) ............... | $0.00 |

### FEES AND DISBURSEMENTS

| | |
|---|---:|
| Fee for index number - CPLR §8018(a) ............... | $210.00 |
| Referee's fee to compute, per order of the court - CPLR §8003(a) . | $200.00 |
| Paid for searches - CPLR §8301(a) (10) ............... | $400.00 |
| Serving copy of Summons and Complaint - CPLR §8001(c)(1), §8301(d) | $415.00 |
| Reproduction costs - CPLR §8301(a)(12) ............... | $0.00 |
| Fees for publication of Summons - CPLR §8301(a)(3) ........ | $0.00 |
| Certified copies of papers - CPLR §8301(a)(4) .......... | $0.00 |
| Request for judicial intervention ................ | $95.00 |
| Clerk's fee for filing of Notice of Pendency - CPLR §8018(e), §8021(12) | $35.00 |
| Skip trace fees .......................... | $0.00 |
| Motion fees ............................ | $45.00 |
| Note of Issue ........................... | $0.00 |
| Total ................... COSTS AND DISBURSEMENTS TAXED AT $ _1800.00_ | $1,800.00 |

FEB 28 2008

_signature_
PAUL PIPERATO
ROCKLAND COUNTY CLERK

File#:200800009104