UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

In Re:                                                                    Chapter 13

SPIRO & ANN MILLIARESSIS                              Index No. 08-22504

_____x

## MEMORANDUM OF LAW IN SUPPORT OF SURRENDER IN SATISFACTION OF CLAIM

COMES NOW Spiro & Ann Milliaressis, the debtors herein, by and through their attorney, Law Office of Shmuel Klein, PC, who affirms under the penalties of perjury that I have knowledge of the following and state the same is true except for those matters stated "upon information and belief" and as to those matters, we believe them to be true.

### I. FACTUAL AND PROCEDURAL HISTORY

On 04/15/08 the debtors filed a Chapter 13 Case #08-22504.   AMERICA'S SERVICING COMPANY filed a claim on or about May 20, 2008 as claim #2 as a secured claim in the amount of $384,271.63.  This loan was a first mortgage to a property in Sloatsburg, NY which was foreclosed.  Debtors therefore seek to expunge the claim as the property has been surrendered or reclassify the claim as unsecured.

ARGUMENT

### A. Plain language of the Code Allows Surrender in Satisfaction of the Claim

Chapter 13 of the Bankruptcy Code allows "an individual with regular income" to adjust his or her debts through a plan. Section 1325 of the Code sets forth the criteria for the court to confirm the plan.

Section 1325(a)(5) provides that, "with respect to each allowed secured claim provided for by the plan", the court "shall confirm a plan" if one of three requirements is met: 1) the holder of the claim has accepted the plan; 2) the debtor retains the collateral and pays for its

present value in the manner set forth in the statute; or 3) the debtor surrenders the collateral securing the claim to such holder.

*In re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006), the seminal case on this issue, the court thoroughly reviewed the legislative history concerning § 1325(a)(5) and concluded:

> As these sections evidence, Congress intended to prevent bifurcation under Revised § 1325(a)(5) of the class of secured claims falling within the scope of the Anti-Cramdown Paragraph. Beyond these statements of Congressional intent, which basically mirror the statutory language, there is no further clarification. The court has no choice but to interpret the Anti-Cramdown Paragraph as written, i.e., that it applies to both Revised § 1325(a)(5)(B) and (C).

*Id*. at 341. Therefore, the court held:

> Accordingly, under Revised § 1325(a)(5), a creditor holding a secured claim falling within the scope of the Anti-Cramdown Paragraph is fully secured for the amount of its claim, which is, in actuality, the debt owed. If the property is to be retained pursuant to Revised § 1325(a)(5)(B), the debtor must treat the entire claim as secured, and unless the creditor agrees to other treatment, must propose a plan that will pay the full amount of the claim as secured over the life of the plan. It only stands to reason that the same analysis is true when applied to surrender under Revised § 1325(a)(5)(C) — the creditor is fully secured, and surrender therefore satisfies the creditor's allowed secured claim in full.

Id. at 340. *Accord In re Osborn*, 2007 Bankr. LEXIS 497 (8th Cir. BAP Feb. 23, 2007); *In re Pinti*, 2007 Bankr. LEXIS 744 (Bankr. S.D.N.Y. March 13, 2007); *In re Bivins*, 2007 Bankr. LEXIS 519 (Bankr. M.D. Ga. Feb. 23, 2007); *In the Matter of Moon*, 2007 Bankr. LEXIS 593 (Bankr. N.D. Ala. Jan. 26, 2007); *In re Quick*, 2007 Bankr. LEXIS 219 (Bankr. N.D. Okla. Jan. 26, 2007); *In re Steakley*, 2007 Bankr. LEXIS 496 (Bankr. E.D. Tenn. Jan. 26, 2007); *In re Durham*, 2006 Bankr. LEXIS 3953 (Bankr., D. Utah Dec. 14, 2006); *In re Reeves*, Case No. 06-30952-DHW, Slip Op. (Bankr. M.D.Ala. Dec. 12, 2006); *In re Gentry*, 2006 Bankr. LEXIS 3281 (Bankr. E.D. Tenn. Nov. 22, 2006); *In re Turkowitch*, 355 B.R. 120 (Bankr. E.D. Wis. 2006); *In re Feddersen*, 355 B.R. 738 (Bankr. S.D. Ill. 2006); *In re Moore*, 2006 Bankr. LEXIS 2867 (Bankr. E.D. Ark. Oct. 24, 2006), *In the Matter of Maggett*, 2006 Bankr. LEXIS 2756 (Bankr. D. Neb. Oct. 19, 2006); *In re Pool*, 351 B.R. 747 (Bankr. D. Ore. 2006); *In re Nicely*, 349 B.R. 600 (Bankr. W.D. Mo. 2006); *In re Evans*, 349 B.R. 498 (Bankr. E.D. Mich. 2006); *In re Sparks*, 346 B.R. 767 (Bankr. S.D. Ohio 2006); *In re Brown*, 346 B.R. 868 (Bankr. N.D. Fla. 2006); *In re*

*Payne*, 347 B.R. 278 (Bankr. S.D. Ohio 2006).

As the court in *Ezell* stated: "The court finds this result fair and in harmony with the language of the Anti-Cramdown Paragraph." 338 B.R. at 342. *See also In re Brown*, 346 B.R. at 875 ("If the 910 claim of a creditor is fully secured upon a debtor's retention of the vehicle under § 1325(a)(5)(B), then it is completely logical that it is also fully secured upon surrender under § 1325(a)(5)(C)"); *In re Osborn*, 348 B.R. 500, 505 (Bankr. W.D. Mo. 2006) (literal application is not demonstrably at odds with Congress' intent; and it is entirely logical that, if a creditor is to be deemed fully secured for one purpose, it should be fully secured for other purposes); *In re Sparks*, 346 B.R. at 773 ("the Court is not prepared to say this is an absurd result in light of the sparse guidance from Congress").

**B. The Claim Allowance Process in a Bankruptcy Case Is Governed by Federal Law, Not State Law**

The bankruptcy court adopted the reasoning in *In re Particka*, 355 B.R. 616 (Bankr. E.D. Mich. 2006), that "the right of a secured creditor to recover a deficiency following a sale comes from state law, not from section 506." *See* also *In re Zehrung*, 351 B.R. 675 (W.D. Wis. 2006); *In re Clark*, 2007 Bankr. LEXIS 590 (Bankr. N.D. Miss. Feb. 21, 2007); *In re Hoffman*, 2007 Bankr. LEXIS 3754 (Bankr. E.D. Mich. Dec. 29, 2006) (Amended Opinion); *In re Davis*, 2006 Bankr. LEXIS 3930 (Bankr. N.D. Ga. Dec. 14, 2006); *In re Blanco*, 2007 Bankr. LEXIS 682 (Bankr. N.D. Ill. March 12, 2007); *In re Morales*, 2007 Bankr. LEXIS 97 (Bankr. N.D. Ill. Jan. 11, 2007); *In re Duke*, 345 B.R. 806 (Bankr. W.D. Ky. 2006).

It must be noted that none of the courts following the "state law theory" cited any authority—whether statute or case law—in their support, except one another. The reason is simple: there is no authority to cite. An extensive case law search reveals that, until BAPCPA became law in 2005, no court, not even any of the courts mentioned above, had held in a published opinion to the effect that "the right of a secured creditor to recover a deficiency following a sale comes from state law, not from section 506."

It is not because filing an unsecured deficiency claim in a bankruptcy case is a new right, but because it has been well established law that there is only one provision governing the allowance of secured and unsecured claims in bankruptcy cases, and that is § 506. *See Associates Commercial Corp. v. Rash*, 520 U.S. 953, 961 (1997) (the first sentence of § 506 "tells us that a secured creditor's claim is to be divided into secured and unsecured portions, with the secured portion of the claim limited to the value of the collateral"); *Ron Pair Enterprises, Inc.* 489 U.S. 235, 238-39 (1989)("Subsection (a) of § 506 provides that a claim is secured only to the extent of the value of the property on which the lien is fixed; the remainder of that claim is considered unsecured"). *See also In re Fobian*, 951 F.2d 1149, 1151 (9th Cir. 1991); *In re Mason*, 315 B.R. 759, 761-62 (Bankr. N.D. Cal. 2004); *In re Barclay*, 275 B.R. 275, 279-80 (Bankr. N.D. Ala. 2001). These are pre-BAPCPA cases applying § 506(a) when the debtor surrendered the collateral under §1325(a)(5)(C) or § 1225(a)(5)(C), its Chapter 12 equivalent.

Therefore, pursuant to the plain language of 11 U.S.C. Section 1325(a) (5)(C), the debtor can surrender in full satisfaction of such claim without the need to determine the amount of the satisfaction. Since the claim amount is fixed as the full-balance owed as of the date of filing and not at the liquidation of the collateral as it was pre-BAPCPA, the claim must be considered satisfied in full upon surrendering pursuant to the pain language of 11 U.S.C. Section 1325(a)(5)(C).

WHEREFORE, the Debtors requests that the Court enter an order confirming Debtors plan and expunging claim #2 of the AMERICA'S SERVICING COMPANY in the amount of $384,271.63.

                                                Respectfully submitted,

                                                ___/s/_____
                                                Shmuel Klein (SK 7212)
                                                Law Office of Shmuel Klein, PC
                                                Attorney for Debtor
                                                268 ROUTE 59
                                                Spring Valley, NY  10977
                                                (845)425-2510