| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>SOUTHERN DISTRICT OF NEW YORK | Presentment Date and Time:<br>January 20, 2009 at 12:00 noon |
| In Re:<br><br>SPIRO MILLIARESSIS<br>ANN MILLIARESSIS<br><br>            Debtors. | **NOTICE OF PRESENTMENT TO**<br>**VACATE THE AUTOMATIC STAY**<br><br>Case No.: 08-22504-ash<br>(Chapter 13)<br><br>Assigned to:<br>Hon. ADLAI S. HARDIN, JR.<br>Bankruptcy Judge |

PLEASE TAKE NOTICE that an order will be presented for signature to the Honorable ADLAI S. HARDIN, JR. at Chambers, 300 Quarropas Street, Room 520, White Plains, NY 10601 on the 20th day of January, 2009. The proposed order will seek to vacate the automatic stay imposed by 11 U.S.C. §362 and §1322(b)(5) with regard to the premises commonly known as 60 Grant Street, Sloatsburg, NY 10974; a copy of which order is annexed hereto.

If you have good reason to object to the granting of the proposed order, you must do so in writing and at least 5 business days before the order is to be signed, you must serve the undersigned and all other entities to whom this motion has been noticed, as indicated below, with a copy of your objections stating the legal grounds and the facts which establish the reasons for your objections. The objections shall identify the motion to which they are addressed by name of moving party, date of the hearing, relief sought by the motion, and by title, caption, and index number of the case in which the motion is made. Within the same time you must also file with the clerk of the Court the original of your objections together with proof by affidavit, admission, or otherwise that copies have been properly served. If no proper objections are timely filed and served and if the judge is satisfied from the application that the moving party is entitled to the relief sought, the order may be signed without a hearing. If proper objections are timely filed and served, a hearing will be held before the Court at 300 Quarropas Street, Room 520, White Plains, NY 10601 on the 22nd day of January, 2009 at 9:45 am. If no objections are filed, the Court may sign the order without further proceedings, or may direct that the hearing be held notwithstanding the absence of objections.

DATED : December 23, 2008
Buffalo, New York

Yours, etc.

By: *Nicole Gazzo* (signature)
Nicole C. Gazzo, Esq.
STEVEN J. BAUM, P.C.
Attorneys for Secured Creditor
America's Servicing Company as servicer for
Deutsche Bank National Trust Company, as
Trustee for Morgan Stanley ABS Capital I Inc
Trust 2006-NC4
Office and Post Address:
220 Northpointe Parkway, Suite G
Amherst, NY 14228
Telephone 716-204-2400

TO:

| | |
|---|---|
| SPIRO MILLIARESSIS<br>60 Grant Street<br>Sloatsburg, NY 10974 | Debtors |
| ANN MILLIARESSIS<br>60 Grant Street<br>Sloatsburg, NY 10974 | |
| SHMUEL KLEIN, ESQ.<br>Law Office of Shmuel Klein P.C.<br>268 Route 59<br>Spring Valley, NY 10977 | Attorney for Debtors |
| JEFFREY L. SAPIR, ESQ.<br>399 Knollwood Road<br>Suite 102<br>White Plains, NY 10603 | Chapter 13 Trustee |
| U.S. Trustee<br>Office of the U.S. Trustee<br>33 Whitehall Street<br>Floor 21<br>New York, NY 10004 | U.S. Trustee |

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

---

In Re:

SPIRO MILLIARESSIS
ANN MILLIARESSIS

           Debtors.

**APPLICATION**

Case No.: 08-22504-ash
(Chapter 13)

Assigned to:
Hon. ADLAI S. HARDIN, JR.
Bankruptcy Judge

---

America's Servicing Company as servicer for Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc Trust 2006-NC4 ("Secured Creditor"), by its attorneys Steven J. Baum, P.C., moves to terminate the automatic stay in this case with respect to the real property commonly known as 60 Grant Street, Sloatsburg, NY 10974 and states as follows:

1. Secured Creditor is the holder by assignment of a mortgage dated the 7th day of March, 2006 in the amount of $324,000.00 secured by the premises commonly known as 60 Grant Street, Sloatsburg, NY 10974 (the "Mortgaged Premises"). A copy of the Note, Mortgage and Assignment(s) is attached hereto as **Exhibit 'A'**.

2. On the 15th day of April, 2008 Debtors Spiro Milliaressis, Ann Milliaressis filed a Petition under Chapter 13 of Title 11 U.S.C. §101 et seq with this Court, and an Order for relief was duly entered.

3. The Note and Mortgage provide that the Debtors will be in default if they do not make full monthly payments on each due date. As of the 15th day of December, 2008, the Debtors are due for 8 post-petition payments in the amount of $3,289.03 which represents the payments due the 1st day of May, 2008 through December, 2008 and have not cured said default. In addition, if the current default continues, the payment due the 1st day of January, 2009 will be due at the date that this application is heard. A Motion for Relief Worksheet is attached hereto as **Exhibit 'B'**.

4. That as of the 19th day of November, 2008, there was a total indebtedness owed on the Note and Mortgage in the sum of $409,429.20. Interest on the unpaid principal balance will continue to accrue, and to protect its security in the Mortgaged Premises Secured Creditor may be required to make further advances for property taxes, insurance and related matters. In addition, there is a second mortgage in the amount of $29,940.00 secured by the Mortgaged Premises as set out in the Debtor's Schedule 'D'. There are total mortgages in the amount of $439,369.20.

5. Based upon the Debtors' Schedule A & D of their Petition, attached hereto as **Exhibit 'C'**, said real property is valued at $370,000.00. Based on the Secured Creditor's lien amount, additional liens against the Mortgaged Premises, the value of the Mortgaged Premises and the Debtors' homestead exemption, there exists no non-exempt equity in the Mortgaged Premises.

6. Section 362(d)(1) of the Bankruptcy Code provides in pertinent part that the Court shall grant relief from the stay imposed by Section 362(a) "for cause, including lack of adequate protection of an interest in property..." As set forth above, cause exists to vacate the automatic stay as the Debtors have failed to make monthly post-petition mortgage payments to Secured Creditor. Under Section 362(d)(1), failure to make post-petition mortgage payments constitutes "cause" to modify the automatic stay. See, In re Taylor, 151 B.R. 646 (E.D.N.Y.1993); In re Davis, 64 B.R. 358, 359 (Bankr. S.D.N.Y. 1986); In re Frascatore, 33 B.R. 687 (B. Ct. E.D. Pa. 1983).

7. A copy of a proposed Order granting the relief sought by Secured Creditor is annexed hereto as **Exhibit 'D'**.

8. No prior application has been made for the relief requested herein.

**WHEREFORE**, Secured Creditor respectfully requests that an Order be granted terminating the automatic stay immediately as to Secured Creditor's interest in the Mortgaged Premises together with such other, further and different relief as the Court may deem just in this matter.

DATED:   December 23, 2008
               Buffalo, New York

Yours, etc.

By: _____
Nicole C. Gazzo, Esq.
STEVEN J. BAUM, P.C.
Attorneys for Secured Creditor
America's Servicing Company as servicer for
Deutsche Bank National Trust Company, as
Trustee for Morgan Stanley ABS Capital I Inc
Trust 2006-NC4
Office and Post Address:
220 Northpointe Parkway, Suite G
Amherst, NY 14228
Telephone 716-204-2400