UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

In Re:

SPIRO MILLIARESSIS
ANN MILLIARESSIS

           Debtors.

**MEMORANDUM OF LAW**

Case No.: 08-22504-ash
(Chapter 13)

Assigned to:
Hon. ADLAI S. HARDIN, JR.
Bankruptcy Judge

**PRELIMINARY STATEMENT**

This is a Motion pursuant to Rule 4001(a)(1) of the Federal Rules and Bankruptcy Procedures to lift the Automatic Stay imposed by §362(a) and §1322(b)(5) of the United States Bankruptcy Code. The moving party is seeking relief from the Automatic Stay to exercise its rights under a Mortgage, including, but not limited to, the foreclosure of said mortgage, secured by real property commonly known as 60 Grant Street, Sloatsburg, NY 10974 ("Mortgaged Premises"). The basis for this claim is that the Debtors have failed to maintain post-petition mortgage payments under §1322(b)(5) to the Secured Creditor, America's Servicing Company as servicer for Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc Trust 2006-NC4 ("Secured Creditor"), and that the Secured Creditor is inadequately protected within the meaning of §362(d)(1). All of the necessary parties to this Motion have been served with copies of the Notice and supporting Application.

**FACTS**

As set forth in the application of Secured Creditor, the Debtors executed the Mortgage to the Secured Creditor, or its predecessor in interest, in the amount of $324,000.00, which mortgage was secured by the Mortgaged Premises.

On the 15th day of April, 2008, the Debtors, Spiro Milliaressis, Ann Milliaressis filed a Petition under Chapter 13 of Title 11 U.S.C. §101 et seq with this Court, and an Order for Relief was duly entered. That as of November 19, 2008, the amount owed to the Secured Creditor was approximately $409,429.20. Additionally, to protect its security in the Mortgaged Premises, Secured Creditor may be required to make further advances for property taxes, insurance and related matters. . In addition, there is a second mortgage in the amount of $29,940.00 secured by the Mortgaged Premises as set out in the Debtor's Schedule 'D'. There are total mortgages in the amount of $439,369.20.

As of the 15th day of December, 2008, the Debtors are due for 8 post-petition payments in the amount of $3,289.03 which represents the payments due the 1st day of May, 2008 through December, 2008 and have not cured said default.

## ARGUMENT

When alleging grounds other than lack of equity in a debtor's property, a creditor need only make a prima facie showing that it is entitled to relief from stay. See, In re Eatman, 182 B.R. 386, 390 (Bankr. S.D.N.Y. 1995). The creditor, as part of the prima facie case, must demonstrate a factual and legal right to the relief it seeks. In re Elmira Litho, Inc. 174 B.R. 892, 902 (Bankr. S.D.N.Y. 1994). The burden then shifts to the debtor to prove that cause does not exist to lift the stay. Id.

Section 1322(b)(5) of the United States Bankruptcy Code provides that debtors have a duty to maintain payments on a secured claim where the last payment is due after the last payment under the Plan is due. The Note in question is due to mature on April 1, 2036, a date subsequent as to when the last payment under the Plan is due. As such, the Debtors have a duty to remain current on their post-petition payments during the pendency of the bankruptcy.

A Chapter 13 debtor's failure to make post-confirmation payments constitutes cause for lifting the stay. In re Davis, 64 B.R. 385, 389 (Bankr. S.D.N.Y. 1986). Further, a failure to make post-petition payments is cause to lift the stay notwithstanding issues related to adequate protection and equity in the secured property. Id. at 359-60.

As stated in the Worksheet submitted in support of the Motion for Relief, the Debtors are due for 8 post-petition payment to the Secured Creditor. Accordingly, the burden shifts to the Debtors to prove that cause does not exist to lift the stay and absent such a showing, the stay should be lifted pursuant to the Debtors' default under §1322(b)(5). See, In re Elmira Litho, Inc., 174 B.R. at 902.

## CONCLUSION

WHEREFORE, it is respectfully requested that the Automatic Stay be modified with respect to the Mortgaged Premises to permit the Secured Creditor to exercise its rights pursuant to the terms of the Mortgage, and for such other and further relief as this Court deem just and equitable.

STEVEN J. BAUM, P.C.
Attorneys for Secured Creditor
America's Servicing Company as servicer for Deutsche Bank National Trust Company, as Trustee for Morgan Stanley ABS Capital I Inc Trust 2006-NC4

By: _____
Nicole C. Gazzo, Esq.
Office and Post Address:
220 Northpointe Parkway, Suite G
Amherst, NY 14228
Telephone 716-204-2400