UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

IN RE:

SPIRO MILLIARESSIS                    REPLY

            Debtor.              Bk. No.: 08-22504
                                      **Chapter 13**

Nicole C. Gazzo, an attorney duly admitted to practice before the United States

Bankruptcy Court for the Southern District of New York, states the following under the

penalty of perjury:

      1.   I am an attorney at law duly licensed to practice before this Court and I am

an associate with the office of Steven J. Baum, P.C., attorneys for secured creditor

America's Servicing Company, as servicer for Deutsche Bank National Trust Company,

as Trustee for Morgan Stanley ABS Capital I Inc. Trust 2006-NC4 ("ASC"), and as such

am fully familiar with the facts and circumstances of the present case.

      2.   This Reply is made in response to Debtor's letter in "Opposition to Vacate

Stay" and in further support of the Motion for Termination of the Automatic Stay filed by

ASC. A copy of the letter submitted by the Debtor is attached hereto as Exhibit 'A'.

      3.   The Debtor, in his letter, acknowledges that he has surrendered the real

property known as 60 Grant Street, Sloatsburg, New York, but requests additional time

"to do this". It appears that the Debtor is asking the Court to allow him to remain in the

property until "the end of the 2009 year". It is unclear whether he means through

December 2009 or until the end of the 2009 school year, as he points to the fact that his

son is a senior in high school as a reason why this should be allowed.

      4.   The Debtor filed bankruptcy on April 15, 2008 and the Application in

support of the Motion for Termination of the Automatic Stay states that as of December

15 , 2008 the Debtor was due and owing for the May through December 2008 monthly

mortgage payments. Therefore the Debtor has not made any post-petition mortgage

payments since bankruptcy was filed

     5.   On August 12, 2008 the Debtor filed a Motion seeking to expunge the

secured claim filed by ASC as the Debtor had surrendered the property. This Motion was

unopposed and on October 6, 2008 an Order was entered expunging the claim. A copy of

this Order and the Proof of Claim are attached hereto as Exhibit 'B'.

     6.   On December 24, 2008 an Order was entered confirming the Debtor's

Chapter 13 plan. A copy of this Order is attached hereto as Exhibit 'C'.

     7.   The Debtor is asking the Court to allow him to remain in his home for

upwards of a year without any provision for making post-petition mortgage payments to

ASC, or paying the pre-petition arrears owed to ASC through his Chapter 13 plan. It is

respectfully submitted that ASC would be prejudiced if the Debtor's request was granted

as ASC is entitled to monthly post-petition mortgage payments under 11 U.S.C. Section

1322 (a)(5). Pursuant to this provision of the Bankruptcy Code, in a situation where a

creditor has a claim where the last payment on such claim is due after the date on which

the final payment under the plan is due, the Debtor must maintain ongoing monthly

mortgage payments.  Here, the last payment on the Debtor's mortgage is due on April 1,

2036, which is after the last payment due under the Plan and, accordingly, ASC is entitled

to the maintenance of ongoing monthly mortgage payments.

     8.   Further, ASC is the holder of a properly perfected first lien on the

Debtor's principal residence, and as such is the holder of secured claim entitled to

payment in full through the Debtor's Chapter 13 plan. However, based on the Debtor's

representation that he was surrendering the property, ASC did not oppose the Debtor's

request to expunge its secured claim as it anticipated receiving relief from the automatic

stay so that it could exercise its rights under state law. If the Debtor now wishes to retain the property, he must modify his plan to provide for payment of ASC's claim and agree to reinstate the claim in full.

9.    As stated more fully above, the Debtor was in default at the time the Motion was filed, and remains in default at this time, has not proposed to cure the post-petition arrears owing or pay ongoing monthly mortgage payments, or proposed to reinstate the secured claim of ASC and modify his plan to provide for payment of the claim, therefore ASC is entitled to the relief requested and the Debtor's request must be denied.

**WHEREFORE**, it is respectfully requested that this Court grant America's Servicing Company's Motion in its entirety, and for such other and further relief as to this Court deems just and equitable.

Dated: January 27, 2009
      Buffalo, New York

                                        Nicole C. Gazzo, Esq.